IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Coomer, as Personal Representative of the Estate of and on Behalf of Danny Coomer, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>Defendant. | NO. CV06-629-TUC-CKJ (JM)<br><br>REPORT AND RECOMMENDATION |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Nancy Coomer, as Personal Representative of the Estate of and on Behalf of Danny Coomer, deceased, seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying benefits to Danny Coomer. This Social Security Appeal has been referred to the United States Magistrate Judge pursuant to Local Rule – Civil 72.2(a)(10) of the Rules of Practice of this Court. Based on the pleadings of the parties and the record submitted to the Court, the Magistrate Judge recommends that the District Court, after its independent review, deny Plaintiff's Motion for Summary Judgment [Doc. No. 14] and grant Defendant's Cross-Motion for Summary Judgment [Doc. No. 17].

**I. Procedural Background**

Plaintiff's decedent, Danny Coomer ("Coomer") applied for Disability Insurance Benefits on October 12, 1989. (Tr. 58-60). The application was denied initially and upon

reconsideration and Coomer requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 61). The ALJ determined that Coomer was disabled as of September 3, 1985. (Tr. 322-328).

In November 1998, the Social Security Administration ("SSA") notified Coomer that his case had been reviewed and that his disability had ended in April 1994 because he had earnings showing that he had engaged in substantial gainful activity ("SGA"). (Tr. 357-364). Coomer requested reconsideration, but the SSA determined that his disability should have ended in January 1994, and that he head been overpaid benefits in the amount of $53,049.70, from April 1994, through April 1999. (Tr. 368-373). Coomer then requested reconsideration of the overpayment decision and a hearing before an ALJ as to the cessation decision. (Tr. 374-375). Coomer also requested that any recovery of the alleged overpayment not be pursued until the cessation of benefits was resolved. (Tr. 374).

After an initial continuance from February 2000, ALJ Norman R. Buls conducted the hearing on Coomer's request for reconsideration on April 6, 2000. (Tr. 31-50). By Decision dated June 22, 2000, the ALJ concluded that Coomer's entitlement to benefits had ended on March 31, 1994. (Tr. 14-21). Coomer requested review but the Appeals Council denied his request on July 11, 2002. (Tr. 5-13).

Coomer sought judicial review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g), by filing an action in the District Court of Arizona. (CV 02-444-TUC-FRZ (JCC)). On July 6, 2004, the District Court entered its judgment and order remanding Coomer's case to the SSA for further administrative proceedings. (Tr. 633-639). The Appeals Council subsequently remanded Coomer's case for a new hearing before the ALJ. (Tr. 640-641). ALJ Buls held another hearing on January 26, 2005, at which Coomer and his ex-wife testified. (Tr. 670-686). On April 20, 2005, ALJ Buls again determined that Coomer's entitlement to benefits had ended on March 31, 1994. (Tr. 687-695). Coomer again sought review by the Appeals Council. (Tr. 696-700). On September 19, 2005, the Appeals Council assumed jurisdiction and remanded Coomer's case for another hearing before a new ALJ. (Tr. 701-706).

Unfortunately, Coomer died on February 27, 2006. (Tr. 728-729). Coomer's ex-wife, Nancy Coomer, was substituted as a party (Tr. 727), and a supplemental hearing was scheduled for May 22, 2006, before ALJ Lauren R. Mathon. (Tr. 581-587). Ms. Coomer, through counsel, subsequently waived the right to a hearing and requested that a decision be made based on the record. (Tr. 733). On June 29, 2006, ALJ Mathon issued her decision finding that Coomer's entitled to benefits had ended on March 31, 1994. (Tr. 572-579). After the Appeals Council denied further administrative review, ALJ Mathon's decision became the final decision of the Commissioner. (Tr. 534-537). Ms. Coomer then commenced an action for judicial review pursuant to 42 U.S.C. § 405(g).

**II.    ALJ's Decision**

On remand, the ALJ was directed to apply the tests provided in 20 C.F.R. § 404.1575 and determine whether Coomer had engaged in substantial gainful activity ("SGA") beginning January 1994 and continuing through at least October 1994. The ALJ was also directed to consider evidence which had been submitted to the Appeals Council.

In her Decision dated June 29, 2006, the ALJ did not address Coomer's medical condition because she found that he was performing SGA and, therefore, his medical condition was irrelevant. (Tr. 574). She proceeded to evaluate the evidence and found that Coomer

> was the sole proprietor of his feed business which accounted for substantial income to him. He performed all management duties, including hiring and paying employees, ordering feed to replenish his stock, paying bills, banking, keeping records, setting prices, hiring an accountant, setting the hours of operation, and the overall supervision of employees, who worked fairly independently.

(Tr. 574-575). Specifically, under the three tests for SGA in 20 C.F.R. § 404.1575, the ALJ found that Coomer "was managing his own feed business . . . ," and that he "engaged in substantial gainful activity by rendering services that were significant to the business and by receiving a substantial income form [sic] the business;" that he "engaged in substantial gainful activity because his work activity . . . was comparable to that of unimpaired individuals in his community in the same or similar businesses;" and that, alternatively, he

was "engaged in substantial gainful activity because his work activity is clearly worth the amounts shown in [the C.F.R.] when considered in terms of its value to the business or when compared to the salary that an owner would pay to an employee to do the work he is doing." (Tr. 578.) Based on these findings, the ALJ concluded that Coomer's entitlement to disability and to disability insurance benefits "ended effective March 31, 1994, the end of the second calendar month after the month in which disability ceased." (Tr. 579).

## III.   Standard of Review

The decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## IV.   Discussion

Whether a claimant is disabled is determined using a five-step sequential evaluation process. To establish disability, the claimant must show (1) he is not engaged in SGA, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment, or (4) his residual functional capacity precludes him from performing his past work. At step five, the ALJ must show that the claimant has the residual functional capacity to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i) - (iv). While the claimant has the burden of proof at steps one through four, "the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

### A.   Coomer's disability status is irrelevant.

Ms. Coomer asserts that Coomer's medical condition was relevant to the ALJ's evaluation of his ability to engage in SGA. However, the regulations provide that "[i]f you are doing substantial gainful activity, we will find that you are not disabled." 20 C.F.R. §

404.1520(a)(4)(I). Based on this provision, the Ninth Circuit has stated that "if a beneficiary is engaged in SGA he is no longer entitled to benefits." *See, e.g., Katz v. Sec'y of Health & Human Services*, 972 F.2d 290, 293 (9th Cir. 1992); *Keyes v. Sullivan*, 972 F.2d 1053, 1056 (9th Cir. 1990). Accordingly, if the ALJ's determination that Coomer was able to engage in SGA is supported by substantial evidence, his medical condition is irrelevant.

### B. The ALJ's SGA conclusion is supported by substantial evidence.

The ALJ found Coomer ineligible for benefits at step one of the inquiry on the ground that his work managing his feed store constituted SGA. Coomer argues that this finding is not supported by substantial evidence in the record and improperly ignores other evidence.

SGA is work done for pay or profit that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a)-(b). A claimant's work may be substantial "even if it is done on a part-time basis or if [the claimant] do[es] less, get[s] paid less, or ha[s] less responsibility than when [the claimant] worked before." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that [a claimant] do[es] for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id*. at § 404.1572(b).

If a claimant is self-employed, as Coomer was, the Commissioner will consider the work activities he has performed and their value to the business to determine whether the individual engaged in SGA. 20 C.F.R. § 404.1575(a)(2). The Social Security Regulations provide three alternative tests for determining whether a person is engaged in SGA. 20 C.F.R. § 404.1575(a)(2). The tests are as follows:

> Test one: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business . . . .
>
> Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individual in your community who are in the same or similar businesses as their means of livelihood.

> Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the Commissioner's Earnings Guidelines] when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

*Id.* at § 404.1575(a)(2)(i)-(iii). Here, the ALJ found the Coomer was engaged in SGA under all three tests.

Under test one, services will be considered "significant" to a business that involves the services of more than one person, "if [the claimant] contribute[s] more than half the total time required for the management of the business, or [the claimant] render[s] management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. § 404.1575(b)(1). In Coomer's case, the ALJ found that Coomer's managerial contributions amounted to more than half the total time required to manage the feed store. (Tr. 575 & 577-578). In support of this conclusion, the ALJ stated:

> The claimant was the sole proprietor of his feed business which accounted for substantial income to him. He performed all management duties, including hiring and paying employees, ordering feed to replenish his stock, paying bills, banking, keeping records, setting prices, hiring an accountant, setting the hours of operation, and the overall supervision of employees, who worked fairly independently.

(Tr. 574-575). This information was based on Coomer's testimony at the April 6, 2000, supplemental hearing regarding the potential cessation of Coomer's benefits. (Tr. 31-50). At that hearing, Coomer testified that he hired the store manager (his only employee), did the banking, would keep records of how much money he would take from the store, would call-in orders to suppliers, would write out and leave checks at the store for payment for deliveries from suppliers, would make quarterly tax deposits to the state, prepared the tax returns and essentially performed all of the bookkeeping and banking for the business. (Tr. 41-44 & 46).

Coomer's testimony is clearly supportive of the ALJ's conclusions. Coomer was managing the business financially and was participating in the operations. Under the

applicable regulation, Coomer's contribution was substantial if he contributed more than half the total time required for the management of the business. 20 C.F.R. § 404.1575(b)(1). As the ALJ reasonably concluded, Coomer's business was not one that required a great deal of management and there is no evidence that any other individual contributed more management time.

Coomer nevertheless asserts that the ALJ's interpretation of the record was not supported by substantial evidence and was factually and legally incorrect. He contends that the ALJ's rejection of testimony that Coomer "rarely" and "once in a while" provided input into employee scheduling and arranging store displays. *Memorandum in Support of Motion for Summary Judgment*, p. 7. However, there was usually only one employee and there is no evidence that his schedule frequently changed. Additionally, Coomer agreed that there was little rearranging of merchandise in the store. (Tr. 44). Even Coomer's counsel agreed that Coomer "made some of the management decisions in terms of management services, such as what suppliers to use and that sort of thing . . . ," and who to "hire and fire." (Tr. 34 & 37).

Coomer next offers a list of the managerial functions applicable to small feed stores, as described in the *Dictionary of Occupational Titles*, and asserts that Coomer only performed three of the twelve listed functions. As a threshold matter, no authority is cited that suggests that the ALJ was required to consult the *DOT* in conjunction with her evaluation of whether Coomer had engaged in SGA. In any case, an evaluation of the list of functions does not undermine the ALJ's conclusion. Coomer's testimony can readily be interpreted as indicating that he actually performed, to the extent necessary, six of the twelve functions: planning work schedules; formulating pricing policies; taking inventories; reconciling cash with receipts; ordering merchandise; and interviewing, hiring and training of employees. With regard to four other functions– coordinating sales promotions, supervising employees, performing work of subordinates as needed, and ensuring compliance of employees with store policies– they either were not done by anyone at the store or there is no evidence suggesting that they were necessary to the store's operation. Thus, only two

of the twelve tasks can be fully ascribed to other employees at the store. Based on this evidence, the ALJ's conclusion is supported.

If the claimant's work is properly characterized as SGA under test one, the ALJ need not apply tests two and three. *See Camper v. Sullivan*, 1991 WL 352422, at *2 (N.D. Cal. 1991). As set forth above, the ALJ's conclusion that, under test one, 20 C.F.R. § 404.1575(a)(2)(i), Coomer was performing SGA is supported by substantial evidence in the record. Accordingly, the evidence of SGA need not be evaluated under tests two and three, and the Magistrate Judge recommends that the ALJ's decision be upheld.

**V.     Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an Order **denying** Plaintiff's Motion for Summary Judgment [Doc. No. 14], **granting** Defendant's Cross-Motion for Summary Judgment [Doc. No. 17].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-629-TUC-CKJ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 11th day of April, 2008.

Jacqueline Marshall
United States Magistrate Judge