1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    NANCY   COOMER,   as   Personal)
     Representative of the Estate and on Behalf)
9    of Danny Coomer, Deceased,                )
                                               )    No. CIV 06-629-TUC-CKJ
10                  Plaintiff,                  )
                                               )
11   vs.                                        )         **ORDER**
                                               )
12   MICHAEL   J.   ASTRUE,                     )
     Commissioner of the Social                )
13   Security Administration,                   )
                                               )
14                  Defendant.                  )
     _____ )

15

16          On April 11, 2008, Magistrate Judge Jacqueline Marshall issued a Report and

17   Recommendation [Doc. # 28] in which she recommended that Plaintiff's Motion for

18   Summary Judgment [Doc. # 14] be denied and Defendant's Cross-Motion for Summary

19   Judgment [Doc. # 17] be granted. On April 25, 2008, Plaintiff filed Objections to Report and

20   Recommendation. Defendant has not filed a response.

21

22   *Magistrate Judge's Statement of the Procedural Background and Factual Assertions*

23          The Court accepts the procedural background as set forth in the Report and

24   Recommendation.

25          The Court accepts the facts as set forth by the magistrate judge except the Court finds

26   that there was usually two employees working at the store during the week and one employee

27   working at the store on the weekends, *see* Administrative Record ("AR"), p. 645A, Coomer

28   hired the services of an accountant to prepare store taxes and a bookkeeper, Linda Franklin

1   ( "Franklin"), to compute payroll.  When Franklin took over the duty of preparing daily

2   deposits in March of 1995, the store deposit records were in disarray.  AR, p. 668.

3

4   *Standard of Review*

5   The findings of the Commissioner are meant to be conclusive, 42 U.S.C. §§ 405(g),

6   1383(c)(3), and a decision to overturn a denial of benefits is appropriate only if the denial "is

7   not supported by substantial evidence or [if the denial] is based on legal error." *Matney v.*

8   *Sullivan*, 981 F2d 1016, 1019 (9th Cir. 1992), *citations omitted*; *Massachi v. Astrue*, 486 F.3d

9   1149 (9th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind

10  might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th

11  Cir. 2007).  The standard is less than a "preponderance of the evidence" standard. *Matney*,

12  981 F.2d at 1019.  Further, a denial of benefits is to be set aside if the Commissioner has

13  failed to apply the proper legal standards in weighing the evidence even though the findings

14  may be supported by substantial evidence. *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir.

15  2002).  Indeed, this Court must consider both evidence that supports, and evidence that

16  detracts from, the conclusion of the Administrative Law Judge ("ALJ"). *Frost*, 314 F.3d at

17  366-67.

18

19  *Objections of Plaintiff*

20  The Administrative Law Judge ("ALJ") determined that Danny Coomer ("Coomer")

21  had engaged in substantial gainful activity ("SGA") as the sole proprietor of a feed business.

22  Plaintiff asserts that the ALJ erred in discounting or selectively reading evidence from other

23  persons (i.e., Christopher Stump ("Stump"), Linda Franklin ("Franklin"), and vocational

24  expert David P. Goguen, M.A., C.R.C. ("Goguen")) for a proper understanding of what

25  constituted management of the business.  Plaintiff also asserts that the ALJ misconstrued

26  Coomer's testimony. Plaintiff asserts that the Report and Recommendation perpetuates these

27  errors.

28

- 2 -

1

*Substantial Gainful Activity*

2      SGA is work done for pay or profit that involves significant physical or mental

3   activities.  20 C.F.R. § 404.1572(a)-(b).  If a claimant is self-employed, the Commissioner

4   is to consider the work activities the claimant performed and their value to the business to

5   determine whether the claimant engaged in SGA.   20 C.F.R. § 404.1575(a)(2).   The

6   regulations set forth three alternative tests for determining whether a person is engaged in

7   SGA:

8          Test one: You have engaged in substantial gainful activity if you render services that
           are significant to the operation of the business and receive a substantial income from
9          the business . . .

10         Test two: You have engaged in substantial gainful activity if your work activity, in
           terms of factors such as hours, skills, energy output, efficiency, duties, and
11         responsibilities, is comparable to that of unimpaired individual in your community
           who are in the same or similar businesses as their means of livelihood.
12
           Test Three: You have engaged in substantial gainful activity if your work activity,
13         although not comparable to that of unimpaired individuals, is clearly worth the
           amount shown in [the Commissioner's Earnings Guidelines] when considered in
14         terms of its value to the business, or when compared to the salary that an owner would
           pay to an employee to do the work you are doing.
15
    20 C.F.R. § 404.1575(a)(2)(i)-(iii).  Under test one, services are considered significant to a
16
    business that involves more than one person "if [the claimant] contribute[s] more than half
17
    the total time required for the management of the business, or [the claimant] render[s]
18
    management services for more than 45 hours a month regardless of the total management
19
    time required by the business."  20 C.F.R. § 404.1575(b)(1).
20

21
    *Vocational Expert Evidence*
22
           Plaintiff asserts that the ALJ erred in failing to consider the uncontradicted report of
23
    vocational expert Goguen.  Goguen analyzed what constituted "management of the business"
24
    in connection with Coomer's feed store by reviewing testimony, affidavits, and the
25
    Dictionary of Occupational Titles ("DOT").  Plaintiff asserts that 20 C.F.R. § 404.1566(d)
26
    indicates the Commissioner takes administrative notice of the reliability of job data
27

28

1    information in the DOT.   Plaintiff argues that the DOT cannot be summarily dismissed and

2    that vocational expert testimony must be considered. *Lester v. Chater*, 81 F.3d 821, 830-31

3    (9th Cir. 1995).   That regulation states:

4        (d) Administrative notice of job data.  When we determine that unskilled, sedentary,
         light, and medium jobs exist in the national economy (in significant numbers either
5        in the region where you live or in several regions of the county), we will take
         administrative notice of reliable job information available from various governmental
6        and other publications.  For example, we will take notice of --

7            (1) Dictionary of Occupational Titles, published by the Department of Labor

8        * * * * *

9    20 C.F.R. § 404.1566(d)(1).   The "for example" language of the C.F.R. implies that

10   administrative notice of reliable job information *will* be taken, but that information *may* be

11   taken from various sources, including those listed as examples.  At least one other court has

12   found that the Commissioner *may* take notice of the DOT. *See McBurrows v. Commissioner*

13   *of Social Security*, 928 F.Supp. 724, 728 (E.D.Mich. 1996).  Further, the Ninth Circuit has

14   stated that the "Secretary may rely on the general job categories of the *Dictionary*, with its

15   supplementary *Selected Characteristics*, as presumptively applicable to a claimant's prior

16   work. *Villa v. Heckler*, 797 F.2d 704, 798 (9th Cir. 1986).  Although *Villa* did not address

17   whether the Commissioner shall or may consider the DOT, it did state that the Commissioner

18   was not required to rely on the DOT.  In this case, the ALJ considered the plain and simple

19   meaning of the word "management" in assigning a meaning to its use in the regulations.  The

20   ALJ considered Goguen's memorandum and determined that little weight should be afforded

21   to the memorandum because it relied heavily on Stump's statements, which were vague and

22   ambiguous, that contradicted Coomer's testimony.  In other words, the ALJ considered the

23   DOT as set forth in the memorandum yet determined it was entitled to little weight. The ALJ

24   determined that Coomer's testimony, given, at a time closer to the time of the events, was

25   more probative.

26       Plaintiff further asserts that 20 C.F.R. § 404.1560(b)(2) notes that the Commissioner

27   will consider the DOT and vocational expert testimony in determining whether a claimant

28

1 can perform his past work.  However, the issue before the ALJ was not whether Coomer

2 could perform his past work, but whether he was engaged in SGA.

3      The Court finds that the ALJ was not required to consider the DOT.  Nonetheless, the

4 ALJ did consider the DOT as set forth in Goguen's memorandum and determined it was

5 entitled to little weight.  Additionally, the Court notes that the ALJ set forth the reasons for

6 giving the memorandum little weight.  The Court finds there is substantial evidence to

7 support the ALJ's conclusion to afford the memorandum little weight.  Furthermore, the

8 ALJ's consideration is not based on legal error.

9

10 *Consideration of the Evidence as a Whole*

11      Plaintiff asserts that the ALJ erred by failing to consider the evidence as a whole. *Day*

12 *v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), *see also* 20 C.F.R. § 404.1520(a)(3)

13 ("We will consider all evidence in your case record when we make a determination or

14 decision whether you are disabled.").  Plaintiff asserts that the ALJ needed to consider

15 evidence from lay witnesses regarding the management activities at the feed store.  The ALJ

16 stated:

17      The claimant was the sole proprietor of his feed business which accounted for
        substantial income to him.  He performed all management duties, including hiring and
18      paying employees, ordering feed to replenish his stock, paying bills, banking, keeping
        records, setting prices, hiring an accountant, setting the hours of operation, and the
19      overall supervision of employees, who worked fairly independently.

20 Administrative Record, pp. 574-75.  The ALJ further stated:

21      [The claimant's ex-wife] confirmed that the employees operated fairly independently
        at work, but she did not contradict the claimant's testimony that he had the
22      responsibility for such management decisions as hiring employees, paying the bills,
        setting the hours of operation, hiring the accountant, and approving all tax filings.

23
        Similarly, the affidavit of Christopher Stump does not contradict the claimant in this
24      respect . . . Mr. Stump, who worked as store manager from August 1994 to August
        1996, opined that such "management" tasks included closing the cash register at
25      night, determining changes to standard orders, and arranging for changes to the
        employees' schedules.  He does not say, however, that employees could do such
26      things as hire and fire themselves, set their own wages, determine the retail prices,
        adjust the hours of operation, and withdraw funds from the business's accounts at
27      will. . .

28
                                              - 5 -

1

2

3

> Similarly, the affidavit of former employee Linda Franklin (Exhibit B55) [indicates that she] worked as a bookkeeper for the claimant from March 1995 to March 1997.

*Id.*, at 575-76.

4   The ALJ considered the management activities conducted by Coomer.  The ALJ also

5   considered the activities of the employees.  In arguing that the accountant and bookkeeper

6   performed payroll, tax, and bank deposit preparation, Plaintiff does not provide any authority

7   that these activities are managerial rather than clerical.  Contrary to Plaintiff's assertion, the

8   ALJ considered the evidence as a whole, but clearly did not accept Plaintiff's argument that

9   certain functions completed by employees were managerial in nature.  The ALJ's conclusion

10  that Coomer engaged in SGA by rendering services that were significant to the business and

11  by receiving a substantial income from the business, 20 C.F.R. § 404.1575(a)(1), is supported

12  by substantial evidence and is not based on legal error.

13

14  *Summary Dismissal of Coomer's Medical Impairments*

15  Plaintiff argues that the ALJ failed to consider that Coomer's medical impairments

16  affected Coomer's ability to consistently be involved with the business.  However, the

17  regulations provide that "[i]f you are doing [SGA], we will find that you are not disabled."

18  20 C.F.R. § 404.1520(a)(4)(I).  Indeed, the Ninth Circuit has stated that "if a beneficiary is

19  engaged in SGA he is no longer entitled to benefits."  *Katz v. Sec'y of Health & Human*

20  *Services*, 972 F.2d 290, 293 (9th Cir. 1992).  Plaintiff has provided no authority for her

21  assertion that the medical condition should be considered in determining whether a claimant

22  is engaged in SGA.

23  Moreover, Plaintiff's objection is based on Coomer being confined to a hospital or his

24  home for extended periods of time in which, Plaintiff asserts that management functions were

25  performed by others. Coomer had approximately two Chrohn's disease related episodes that

26  required hospitalizations per year. *See* AR, p. 85.  The evidence establishes that Coomer was

27  not able to be present in the store for periods of time. *See e.g.,* AR, p. 668.  However, this

28

1  fails to establish that Coomer did not hire and pay employees, order the feed to replenish the

2  stock, set the prices, set the hours of operation, and supervise the employees who worked

3  fairly independently.  Although the affidavit of Franklin indicates that Franklin would pay

4  bills, make bank deposits and maintain the books, Plaintiff has not presented any authority

5  that these functions were managerial as opposed to clerical.  The Court notes that the DOT

6  indicates that reconciling cash with receipts is a managerial function.  *See* Plaintiff's MSJ,

7  p. 9.  Nonetheless, as discussed by the magistrate judge, the majority of the managerial

8  functions set forth in the DOT were performed by Coomer or did not need to be performed

9  by anyone.  The ALJ noted that Franklin did not spend even close to 45 hours a month

10  working at the business. However, the ALJ considered that Franklin did not state that

11  employees were permitted to hire and fire, set wages, determine retail prices, etc.  In other

12  words, the ALJ was considering the managerial functions conducted by Coomer rather than

13  the amount of time he expended in performing those functions.

14        The Court finds that substantial evidence supports the ALJ's determination that

15  Coomer  engaged in SGA under test one of 20 C.F.R. § 404.1575(a)(2)(i),

16

17        Accordingly, after an independent review, IT IS ORDERED:

18        1.    The Report and Recommendation [Doc. # 28] is ADOPTED;

19        2.    Plaintiff's Motion for Summary Judgment [Doc. # 14] is DENIED;

20        3.    Defendant's Cross-Motion for Summary Judgment [Doc. # 17] is GRANTED;

21        4.    Summary judgment is awarded in favor of Defendant and against Plaintiff;

22        5.    The decision of the ALJ is AFFIRMED;

23        6.    The Clerk of the Court shall enter judgment in this case and shall then close

24  its file in this matter.

25        DATED this 22nd day of October, 2008.

26

27  _____

    Cindy K. Jorgenson
28                United States District Judge